Lec GASHI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–6583–AG.

United States Court of Appeals, Second Circuit.

Aug. 17, 2006.

Carl M. Weideman, Gross Pointe Farms, MI, for Petitioner.

Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States, Greensboro, NC, for Respondents.

Present DENNIS JACOBS, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Lec Gashi, through counsel, petitions for review of a BIA decision affirming the decision of Immigration Judge ("IJ") Philip Morace denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

The IJ found Gashi not to be credible because Gashi omitted from his asylum application significant details concerning two of the five alleged persecutorial incidents about which he testified, and he did not adequately explain those omissions. Specifically, the IJ noted that Gashi testified that on June 24, 2001, he was celebrating a Democratic Party victory in parliamentary elections when he was attacked by members of the Socialist Party. Gashi claimed that shortly after the attack, the police arrived, arrested him and two fellow Democratic Party supporters, took the three to the police station where they were detained, interrogated, beaten, and threatened until they were released the following day. However, in his asylum application, Gashi failed to mention these alleged police actions. The IJ also noted that Gashi testified that on September 7, 2002, while

returning from a political fund-raiser for the Democratic Party, he and a friend were stopped and beaten by masked police who then brought the two to the police station where they were detained, interrogated, beaten and threatened over the course of that night. However, Gashi omitted from his asylum application the alleged detention and subsequent acts by the police. The IJ accurately characterized the record and reasonably relied on these omissions in finding Gashi incredible because these omissions, which are major, call into question two of the five alleged persecutorial incidents that constitute Gashi's claim and thus undermine the credibility of his overall claim. *See Secaida–Rosales,* 331 F.3d at 308; *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99.

Since the only evidence of a threat of future persecution to Gashi depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim of a well-founded fear of persecution. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006) (holding that for an applicant who has been determined to be incredible to prevail on a future persecution claim, the predicate of that claim must be independent of the testimony that the IJ found to be incredible); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Gashi does not raise his withholding of removal claim in his brief to this Court, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Further, since Gashi did not raise his CAT claim before the BIA, and he does not raise it here, that claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).